1  **WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brenda Joy Lam, | No. CV-17-02195-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Brenda Joy Lam's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Amended Opening Brief (Doc. 16, Pl's Br.) and Defendant SSA Commissioner's Opposition (Doc. 18, Def's Br.). Plaintiff filed no Reply. The Court has reviewed the briefs and the Administrative Record (Doc. 12, R.) and reverses the Administrative Law Judge's decision (R. at 20–31) as upheld by the Appeals Council (R. at 1–4).

**I.     BACKGROUND**

Plaintiff filed her Application on May 13, 2013, for a period of disability beginning February 9, 2012. (R. at 20.) Plaintiff's claim was initially denied on November 6, 2013, and on reconsideration on January 24, 2014. (R. at 20.) Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on November 17,

2015. (R. at 30.) On March 1, 2016, the ALJ denied Plaintiff's Application. (R. at 20–31.) On May 4, 2017, the Appeals Council upheld the ALJ's decision. (R. at 1–4.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical record and opinions, the ALJ found that Plaintiff has severe impairments of right knee dysfunction/osteoarthritis, degenerative disc disease of the lumbar spine, and obesity. (R. at 22.) The ALJ concluded that Plainitff does not have the residual function capacity to perform her past relevant work, but relying on the testimony of a Vocational Expert ("VE"), the ALJ concluded Plaintiff has the RFC to perform a range of light work including work as an assembler, office helper, and interviewer. (R. at 30.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises a single argument for the Court's consideration: that the ALJ erred by failing to give specific, clear and convincing reasons supported by substantial evidence in the record as a whole for discounting Plaintiff's symptom testimony. (Pl's Br. at 5–12.)

### A. The ALJ Failed to Give Sufficient Reasons to Discount Plaintiff's Symptom Testimony

In the Ninth Circuit, the evaluation of a claimant's symptom testimony has two steps:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is *not* required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need

> only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce medical evidence of the pain or fatigue itself, or the severity thereof.
>
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. That is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

*Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

Here, the ALJ justified discounting Plaintiff's symptom testimony by reverting to boilerplate language that "the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. at 26.) Following this conclusion, the ALJ proceeded to review the medical evidence in the record, with little to no connection to those portions of Plaintiff's testimony that the ALJ deemed incredible. (R. at 26–28.) Specifically, theALJ fails to point to precisely what portions of Plaintiff's testimony are not credible and the precise pieces of evidence in the record that support such a finding. The Ninth Circuit has, on several occasions, rejected this precise approach by an ALJ. *See Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014); *Garrison*, 759 F.3d at 1014. This is not to say that the evidence in the record cannot support the ALJ's determination; however, an ALJ does not provide specific, clear and convincing reasons for rejecting Plaintiff's symptom testimony when he uses only boilerplate language followed by a general, disconnected discussion of the medical evidence in the record.

Further, the ALJ purports to discount Plaintiff's symptom testimony because the record contains no evidence that Plaintiff "lost weight since the alleged date of disability onset" or that she suffered "diffuse atrophy or muscle wasting." (R. at 27.) In doing so, the ALJ relies on his unsupported assertion that "[t]wo common side effects of prolonged and/or chronic pervasive pain are weight loss and diffuse atrophy or muscle wasting." (R. at 27.) The record, however, contains no evidence to support this specific assertion.

By relying on it, the ALJ fails to give specific, clear and convincing reasons for rejecting Plaintiff's symptom testimony. Accordingly, the ALJ erred by discrediting Plaintiff's testimony.

### B. The Credit-As-True Rule Does Not Apply

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl's Br. at 11–12.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

In this case, the ordinary remand rule, not the credit-as-true rule applies. Because the ALJ found Plaintiff's symptom testimony not credible and did not fully develop the record in support of his decision to reject Plaintiff's testimony, this case still involves evidentiary conflicts that must be resolved, and there is still uncertainty as to the outcome of the proceeding.

### IV. CONCLUSION

The ALJ failed to adequately support his rejection of Plaintiff's subjective testimony. Should the ALJ determine again on remand that Plaintiff's subjective

symptom testimony is not credible, he must offer specific, clear and convincing reasons supported by substantial evidence in the record to discredit such testimony. In short, the ALJ must point to specific pieces of evidence contained in the record and articulate what portion of Plaintiff's testimony it serves to discount and why.

IT IS THEREFORE ORDERED reversing the decision of the Administrative Law Judge (R. at 20–31) as upheld by the Appeals Council (R. at 1–4). The Court remands this matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 19th day of July, 2018.

Honorable John J. Tuchi
United States District Judge